United States District Court

Eastern District of California

|  |  |
|---|---|
| Kevin L. Fuqua, | |
|     Plaintiff, | No. Civ. S 00-1319 LKK PAN P |
|   vs. | Findings and Recommendations |
| Robert Presley, et al., | |
|     Defendants. | |

-oOo-

Plaintiff is a state prisoner without counsel prosecuting a civil rights action against private contractors involved in a construction project at Folsom State Prison (Folsom). The action proceeds on the May 9, 2003, third amended complaint against defendants Salmen, Stuckey, Bender and Allen Bender, Inc.

Salmen has not been served and the court recently recommended he be dismissed under Fed. R. Civ. P. 4(m).

Now before the court are the December 22, 2004, motion for summary judgment by defendants Stuckey and Bender, and the motion

1 for summary judgment by the corporation, deemed filed the same
2 date.  Plaintiff opposed the corporation's motion (originally
3 filed May 4, 2004) but did not oppose the motion of Stuckey and
4 Bender.
5      November 3, 2000, the court advised plaintiff of the
6 requirements for opposing a motion pursuant to Rule 56 of the
7 Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d
8 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035
9 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).
10      Plaintiff alleges defendants, private contractors, violated
11 his Eighth Amendment rights during an earthquake retrofit of the
12 prison at California State Prison--Folsom.  Plaintiff claims
13 defendants had "administrative responsibility" to protect
14 inmates' safety, monitor inmates' health, and relocate inmates as
15 necessary to avoid exposure to airborne particles including lead
16 dust, and alleges they acted under "color of state law" to
17 violate Eighth Amendment standards of safe and sanitary prison
18 conditions.  Defendants never provided protective gear to inmates
19 and failed to clean up debris, leaving inmates' cells caked with
20 particles.  An employee of QST Environmental, Inc., informed
21 defendants the project was not being carried out in compliance
22 with environmental regulations but defendants continued drilling
23 in an area covered by lead-based paint.  Environmental air
24 testing was conducted because of a dispute with guards and the
25 administration, and defendants intentionally interfered with the
26 testing by placing a large fan directly in front of air sampling

1  equipment.  Defendants knew doctors had requested inmates be
2  removed from the building and knew inmates should not eat or
3  drink items possibly contaminated through the retrofitting
4  project but failed to inform the inmates.  Defendants knew
5  ventilation intake ducts near the work site should have been
6  sealed to contain airborne particles.  Defendants worked with CDC
7  employees to create a medical surveillance program to protect and
8  monitor effects of the project on prison guards and construction
9  employees, but inmates, who faced even greater exposure, were
10 excluded from the program.  Defendants and prison officials
11 conspired and acted jointly to violate plaintiff's Eighth
12 Amendment rights to humane living conditions.
13     A party may move, without or without supporting affidavits,
14 for a summary judgment and the judgment sought shall be rendered
15 forthwith if the pleadings, depositions, answers to
16 interrogatories, and admissions on file, together with the
17 affidavits, if any, show that there is no genuine issue as to any
18 material fact and that the moving party is entitled to a judgment
19 as a matter of law.  Fed. R. Civ. P. 56(a)-(c).
20     An issue is "genuine" if the evidence is such that a
21 reasonable jury could return a verdict for the opposing party.
22 Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A fact is
23 "material" if it affects the right to recover under applicable
24 substantive law.  Id.  The moving party must submit evidence that
25 establishes the existence of an element essential to that party's
26 case and on which that party will bear the burden of proof at

1  trial.  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).
2  The moving party "always bears the initial responsibility of
3  informing the district court of the basis for its motion and
4  identifying those portions of 'the pleadings, depositions,
5  answers to interrogatories, and admissions on file, together with
6  the affidavits, if any'" that the moving party believes
7  demonstrate the absence of a genuine issue of material fact.
8  Id., at 323.  If the movant does not bear the burden of proof on
9  an issue, the movant need only point to the absence of evidence
10 to support the opponent's burden.  To avoid summary judgment on
11 an issue upon which the opponent bears the burden of proof, the
12 opponent must "go beyond the pleadings and by her own affidavits,
13 or by the 'depositions, answers to interrogatories, and
14 admissions on file,' designate 'specific facts showing that there
15 is a genuine issue for trial.'"  Id., at 324.  The opponent's
16 affirmative evidence must be sufficiently probative that a jury
17 reasonably could decide the issue in favor of the opponent.
18 Matsushita Electric Industrial Co., Inc. v. Zenith Radio
19 Corporation, 475 U.S. 574, 588 (1986).  When the conduct alleged
20 is implausible, stronger evidence than otherwise required must be
21 presented to defeat summary judgment.  Id. at 587.
22      Fed. R. Civ. P. 56(e) provides that "supporting and opposing
23 affidavits shall be made on personal knowledge, shall set forth
24 such facts as would be admissible in evidence, and shall show
25 affirmatively that the affiant is competent to testify to the
26 matters stated therein."  Nevertheless, the Supreme Court has

1  held that the opponent need not produce evidence in a form that
2  would be admissible at trial in order to avoid summary judgment.
3  <u>Celotex</u>, 477 U.S. at 324.  Rather, the questions are (1) whether
4  the evidence could be submitted in admissible form and (2) "if
5  reduced to admissible evidence" would it be sufficient to carry
6  the party's burden at trial.  <u>Id</u>. at 327.  Thus, in <u>Fraser v.
7  Goodale</u>, 342 F.3d 1032 (9th Cir. 2003), objection to the opposing
8  party's reliance upon her diary upon the ground it was hearsay
9  was overruled because the party could testify to all the relevant
10 portions from personal knowledge or read it into evidence as
11 recorded recollection.

12     A verified complaint based on personal knowledge setting
13 forth specific facts admissible in evidence is treated as an
14 affidavit.  <u>Schroeder v. McDonald</u>, 55 F.3d 454 (9th Cir. 1995);
15 <u>McElyea v. Babbitt</u>, 833 F.2d 196 (9th Cir. 1987).  A verified
16 motion based on personal knowledge in opposition to a summary
17 judgment motion setting forth facts that would be admissible in
18 evidence also functions as an affidavit.  <u>Johnson v. Meltzer</u>, 134
19 F.3d 1393 (9th Cir. 1998); <u>Jones v. Blanas</u>, 393 F.3d 918 (9th
20 Cir. 2004).  Defects in opposing affidavits may be waived if no
21 motion to strike or other objection is made.  <u>Scharf v. United
22 States Attorney General,</u> 597 F.2d 1240 (9th Cir. 1979)
23 (incompetent medical evidence).

24     To establish a claim for deliberate indifference in
25 violation of the Eighth Amendment prohibition against cruel and
26 unusual punishment, a plaintiff must show that an identified

actor denied plaintiff some specifically identified basic human need such as food, clothing, shelter, medical care or safety, knowing that plaintiff thereby faced a substantial risk of serious harm and disregarded that risk by failing to take or cause to be taken reasonable measures to abate the risk that were within his or her power. See Farmer v. Brennan, 511 U.S. 825 (1994); Helling v. McKinney, 509 U.S. 25 (1993); see also Wallis v. Baldwin, 70 F.3d 1074 (9th Cir. 1995) (prison officials acted with deliberate indifference to inmate health and safety in requiring inmates to perform work without protection from exposure to asbestos).

A civil rights plaintiff must show the defendant was acting "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). On occasion, a civil rights claim can proceed against a private party who is "a willful participant in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). A court can identify state action under the public function test, the joint action test, the governmental compulsion test, or the governmental nexus test. Sutton v. Providence St. Joseph Med. Ctr., 192 F.3d 826, 935-38 (9th Cir. 1999). The fact that a corporation was performing a public contract does not make it a "state actor" under the civil rights statute. Rendell-Baker v. Kohn, 457 U.S. 830 (1982) (acts of private corporations "whose business depends primarily on contracts to build roads, bridges, dams, ships, or submarines for the government . . . do not become acts of the government by reason of their significant

1 or even total engagement in performing public contracts").

2 Defendants argue plaintiff's claims are precluded because 3 this court granted summary judgment for them in <u>Bishop v.</u> 4 <u>Terhune</u>, 00-2168 FCD DAD P, a nearly-identical action prosecuted 5 by another inmate, on the ground they were not state actors 6 liable under the civil rights statute.  As a rule, "a judgment or 7 decree among parties to a lawsuit . . . does not conclude the 8 rights of strangers to those proceedings."  <u>Martin v. Wilkes</u>, 490 9 U.S. 755 (1989), <u>superseded in part by statute</u> as noted in <u>Estate</u> 10 <u>of Reynolds v. Martin</u>, 985 F.2d 480 (9th Cir. 1993).  Nor does 11 this court deem the plaintiff in <u>Bishop</u>, who litigated without 12 counsel while incarcerated, an "adequate representative" of 13 plaintiff such that the outcome here is determined by that case. 14 <u>Cf.</u> <u>Jackson v. Hayakawa</u>, 605 F.2d 1121, 1125-26; <u>Van Pool v. San</u> 15 <u>Francisco</u>, 752 F. Supp. 915 (N. D. Cal. 1990).  Defendants are 16 not entitled to summary judgment based on preclusion principles.

17 They have earned summary judgment on the merits, however. 18 Defendants were not state actors under the public function test 19 because the state's duty to provide humane conditions of 20 confinement rested with the department of corrections, and was 21 not delegated to defendants, who were private construction 22 contractors.  Where a private prison-management corporation 23 assumes responsibility for <u>running</u> a prison, its actions are 24 conducted under color of state law because the confinement of 25 criminals is a fundamental government function.  <u>Rosborough v.</u> 26 <u>Management & Training Corp.</u>, 350 F.3d 459 (5th Cir. 2003);

1  Skelton v. Pri-Cor, Inc., 963 F.3d 100, 102 (6th Cir. 1991); see
2  also Correctional Services Corp. V. Malesko, 534 U.S. 61, 72 n. 5
3  (2001).  Here, however, defendants did not assume responsibility
4  to run the prison.
5      A person may become a state actor by engaging in joint
6  activity with state officials.  Price v. Hawaii, 939 F.2d 702
7  (9th Cir. 1991); see also West v. Atkins, 487 U.S. 42 (doctors
8  treating inmates were state actors where their contract with the
9  prison mandated cooperation to provide medical care); George v.
10 Pacific-CSC Work Furlough, 91 F.3d 1227, 1230-31 (9th Cir. 1996)
11 (internal quotation omitted).  The contract between defendants
12 and the state did not mandate cooperation to house inmates.
13     Plaintiff claims "joint action" based on a conspiracy
14 between defendants and prison officials to violate inmates'
15 Eighth Amendment rights.  "To be liable as co-conspirators, each
16 participant . . . must at lease share the common objective of the
17 conspiracy.  To be liable as a co-conspirator, a private entity
18 must share with the public entity the goal of violating a
19 plaintiff's constitutional rights."  Franklin v. Fox, 312 F.3d
20 423, 445 (9th Cir. 2002).  The evidence is undisputed that the
21 common goal of defendants and the state was to effect a seismic
22 retrofit so the prison could meet current building standards--
23 not to violate plaintiff's constitutional rights.  Plaintiff's
24 argument that defendants conspired with the state, making them
25 state actors under the joint action test, does not withstand
26 summary judgment.

1  Plaintiff claims defendants or their agents tampered with
2 tests to determine exposure to contamination.  The contract
3 between defendants and CDC did not require these tests.  The
4 decision to conduct them came up later after guards protested
5 having to work in the construction zone.  The conspiracy, if any,
6 was to dummy up data pertaining to CDC's dispute with its
7 <u>employees</u> - any impact on prisoner safety was not within the
8 scope of the conspiracy.  Responsibility to consider effects of
9 the construction on prisoners remained with the jailors, and had
10 nothing to do with defendants.
11  Under the nexus test, plaintiff must show that the
12 relationship, or nexus, between defendants and the state was such
13 that the actions of one were attributable to the other.  <u>Jackson</u>
14 <u>v. Metropolitan Edison Co.</u>, 419 U.S. 345, 351 (1974).  Plaintiff
15 has not shown defendants were responsible for incarcerating
16 plaintiff or had the authority to determine the conditions of
17 plaintiff's confinement.  Defendants were building contractors
18 under contract to provide building services to the state.  The
19 contract set out clearly separate areas of authority and isolated
20 defendants from any control over inmate conditions.  At most,
21 defendants were permitted to suggest certain action, such as
22 vacating a housing unit during a particular phase of the work.
23 This nexus is insufficient to make defendants state actors.
24  Under the state compulsion test, plaintiff must show
25 defendants were compelled by the state to act in a manner that
26 deprived plaintiff of federally protected rights.  <u>George</u>, 91

1  F.3d at 1231.  This test presumes a violation of federally
2  protected rights and then searches for evidence defendants were
3  following the dictates of state law or custom with the force of
4  law.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 169-70 (1970);
5  <u>North Georgia Finishing, Inc. v. Di-Chem, Inc.</u>, 419 U.S. 601
6  (1975).  Defendants were not under "state compulsion" to refrain
7  from moving inmates out of construction areas-- defendants never
8  had any authority to move inmates to begin with and any decision
9  to move them or not move them rested with prison officials.
10     The court finds <u>White v. Cooper</u>, 55 F. Supp. 2d 848, 851-52
11 (N.D. Ill. 1999) a persuasive authority favoring summary judgment
12 for defendants.  In <u>White</u>, a private construction company de-
13 activated fire alarms and smoke evacuation fans during prison
14 renovation, and the inmate plaintiff was severely injured in a
15 fire that occurred during the renovation.  The court rejected
16 plaintiff's argument the contractor was a state actor under the
17 civil rights statute, noting the state "ultimately held the power
18 to either relocate prisoners or to ensure" their safety.  55 F.
19 Supp. 2d at 849.  "This burden was in no way assumed by [the
20 contractor] during on-site construction . . . by virtue of [its]
21 employment or contractual relationship with the state."  <u>Id.</u>
22 Here too, the power to relocate and the burden to protect inmates
23 remained with the state.
24     For all of these reasons, the court find defendants are
25 entitled to summary judgment on the ground that they were not
26 state actors under the civil rights statute.  Accordingly, the

court hereby recommends defendants' December 22, 2004, motions for summary judgment be granted.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case. Within 15 days after being served with these findings and recommendations, any party may file written objections. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: August 4, 2005.

/s/ Peter A. Nowinski
PETER A. NOWINSKI
Magistrate Judge